UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI BERNARDO ALKEBU-LAN,<br><br>Plaintiff,<br><br>v.<br><br>LISA HAZELWOOD, et al.,<br><br>Defendants. | Case No. 21-cv-06063-JST<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE DENIED** |

Plaintiff, an inmate at California Men's Colony in San Luis Obispo, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. ECF No. 4. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g).

**DISCUSSION**

**I.    28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the

1  same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance:
2  having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the
3  'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)
4  (citation omitted). Only cases within one of these three categories can be counted as strikes for
5  Section 1915(g) purposes.

6  *Andrews* requires that the prisoner be given notice of the potential applicability of Section
7  1915(g), by either the district court or the defendants, but also requires the prisoner to bear the
8  ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him.
9  *Id.* at 1120. *Andrews* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but
10 requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section
11 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before
12 dismissing the action. *See id.* A dismissal under Section 1915(g) means that a prisoner cannot
13 proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still
14 pursue his claims if he pays the full filing fee at the outset of the action.

## II. Complaint

16 Plaintiff commenced this action by mailing the complaint to the Court on or about August
17 2, 2021. ECF No. 1-3 at 2.[1] He has named as defendants Board of Parole Hearing ("BPH")
18 psychologists Lisa Hazelwood and Emily Wiznewski; BPH commissioners Troy Taira and Nga
19 Lam; Correctional Training Facility Soledad correctional officer Zachary Brown; and California
20 Deputy Attorney General Anthony Tartaglio. ECF No. 1 at 2. Plaintiff alleges that Defendants
21 are responsible for the BPH's 2021 denial of his petition for relief due to COVID-19. *See*
22 *generally* ECF No. 1. Plaintiff requests monetary damages, that the BPH decision be reviewed,
23 and that Defendants be terminated for conspiring to conceal exhausted grievances and for
24 manipulating the courts. *See* ECF No. 1 at 3, 12-13.
25 //

---

[1] The Court affords Petitioner application of the mailbox rule as to the filing of his habeas petition. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities). It appears that Petitioner gave his petition to prison authorities for mailing on or about August 2, 2021. ECF No. 1-3 at 2.

### III. Prior Strikes

In *Alkebu-Lan v. Kane, et al.*, Case No. 06-5991 CW ("*Alekebu-Lan I*"), Plaintiff was denied leave to proceed *in forma pauperis* on the grounds that he previously had three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. *Alkebu-Lan I*, ECF No. 17, Order of Dismissal (Aug. 25, 2009). The *Alkebu-Lan I* court identified the following three cases as qualifying cases: (1) *Alkebu-Lan v. Hall, et al.*, C.D. Cal. No. 03-cv-0702 UA-CT (C.D. Cal. Feb. 5, 2003) (dismissed as frivolous); (2) *Alkebu-Lan v. Lewis, et al.*, E.D. Cal. No. 03-cv-5013-REC-LJO-P (E.D. Cal. May 29, 2003) (dismissed for failure to amend and for failure to state a claim); and (3) *Alkebu-Lan v. Kane, et al.*, N.D. Cal. No. 05-cv-5069 CW (N.D. Cal. Jun. 12, 2006) (dismissed for failure to state a claim). *Id.*

The Court has independently reviewed these cases and finds that these cases constitute strikes pursuant to Section 1915(g).

In *Alkebu-Lan v. Hall, et al.*, C.D. Cal. C No. 03-cv-0702, the court denied Plaintiff's application to proceed without prepayment of the full filing fee on the grounds that the complaint's claim that defendants had manufactured a riot by prison staff to have Plaintiff killed and had assigned Plaintiff psychotropic drugs as part of a criminal enterprise was "legally and/or factually patently frivolous." *Alkebu-Lan v. Hall, et al.*, C.D. Cal. No. 03-cv-0702 UA-CT, "Order Re Leave to File Action Without Prepayment of Full Filing Fee" (Feb. 5, 2003, ECF No. 2).

In *Alkebu-Lan v. Lewis, et al.*, E.D. Cal. No. 03-cv-5013-REC-LJO-P, the court found that the complaint's claim that Plaintiff's constitutional rights were violated because he was placed in administrative segregation based on an erroneous rules violation report was not cognizable because it failed to state either a cognizable due process claim or a claim for conspiracy, and also noted that these claims were likely barred by *Heck*. *Alkebu-Lan v. Lewis, et al.*, E.D. Cal. No. 03-cv-5013-REC-LJO-P, "Order Dismissing Complaint, with Leave to Amend" (Feb. 27, 2003, ECF No. 9). Plaintiff was granted leave to amend the complaint but failed to file an amended complaint. The court dismissed this action for failure to file an amended complaint and for failure

to state a claim. *Alkebu-Lan v. Lewis, et al.*, E.D. Cal. No. 03-cv-5013-REC-LJO-P, "Order Adopting Findings and Recommendations, Order Dismissing Action, Order Directing Clerk to Administratively Close Case" (May 29, 2003, ECF No. 11).

In *Alkebu-Lan v. Kane, et al.*, N.D. Cal. No. 05-cv-5069 CW, the court found that the complaint's claim that Plaintiff was falsely accused of violating a non-existent prison chrono failed to state a cognizable due process claim. *Alkebu-Lan v. Kane, et al.*, N.D. Cal. No. 05-cv-5069 CW, Order of Dismissal and Denying In Forma Pauperis Status (Jun. 12, 2006, ECF No. 9). The court dismissed this action without leave to amend for failure to state a claim. *Id.*

## IV. Analysis

The complaint in the instant action does not allege that Plaintiff is in imminent danger of serious physical injury. Nor is there any indication that the 2021 denial of parole has placed Plaintiff in imminent danger of serious physical injury. In light of these dismissals and because it does not appear that Plaintiff was under imminent danger of serious physical injury when he filed this action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight days** of this order, why his *in forma pauperis* application should not be denied. In the alternative, he may pay the full filing fee of $402.00 by the deadline.

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. In the alternative, he may pay the $402.00 filing fee in full. Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: November 22, 2021

JON S. TIGAR
United States District Judge