UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI ALKEBU-LAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ZACHARY BROWN, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-06249-JST<br><br>**ORDER ADMINISTRATIVELY CLOSING CASE AS FILED IN ERROR** |

　　　　Plaintiff, an inmate at California Men's Colony ("CMC") in San Luis Obispo, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. For the following reasons, the Court will CLOSE this case as filed in error.

## DISCUSSION

### I.　Procedural History

　　　　Plaintiff commenced this action by filing a complaint in the Central District of California on or about July 26, 2021. ECF No. 1. The complaint names as defendants Correctional Training Facility – Soledad ("CTF-Soledad") correctional officer Zachary Brown, C. Bravo, M. Daguio, and Warden Koenig. In relevant part, the complaint alleges that on June 8, 2017, Plaintiff was raped by, or at the direction of, defendants Brown, Bravo, and Daguio; that on May 13, 2018 defendants ordered correctional officers to interfere with Plaintiff's mail attempting to report this rape to outside authorities; and that the Board of Parole Hearings (BPH) commissioners Troy Taira and Nga Lam, and BPH psychologists Hazelwood and Wizniewski have conspired with correctional officials at CMC and CTF-Soledad to prevent him receiving the following COVID-19 relief: parole and medical care. Plaintiff requests monetary damages, termination of all parties for conspiring to conceal his exhausted grievance and to manipulate the court "via perjury on the

record." *See* ECF No. 1 at 1-7.

On July 29, 2021, Plaintiff's request for leave to proceed *in forma pauperis* was granted. ECF No. 5.

On August 9, 2021, Plaintiff requested that this action be transferred to this district because the events alleged occurred in this district. ECF No. 8. On August 10, 2021, Plaintiff's request was granted, and this action was transferred to this district. ECF Nos. 9, 10, 12.

While this action was pending, Plaintiff commenced a separate action in this court. On or about August 6, 2021, Plaintiff filed the following action in this court: C No. 21-cv-0603 JST, *Alkebu-Lan v. Hazelwood et al.* ("*Alkebu-Lan I*"). In *Alkebu-Lan I*, he named as defendants Board of Parole Hearing ("BPH") psychologists Lisa Hazelwood and Emily Wiznewski; BPH commissioners Troy Taira and Nga Lam; Correctional Training Facility Soledad correctional officer Zachary Brown; and California Deputy Attorney General Anthony Tartaglio. ECF No. 1 at 2. *Alkebu-Lan I* challenges the BPH's 2021 denial of his petition for relief due to COVID-19, and requests monetary damages, that the BPH decision be reviewed, and that the named defendants be terminated for conspiring to conceal exhausted grievances and for manipulating the courts. *See* ECF No. 1 at 3, 12-13.

**II.     Discussion**

The Court has reviewed the complaints in both this action and in *Alkebu-Lan I*. The two actions differ in the following two ways. While the two actions both name Zachary Brown as a defendant, the other named defendants differ. The two actions seek the termination of the defendants named in that action, and *Alkebu-Lan I* also seeks a review of the 2021 parole denial. However, both actions challenge the same issue, the BPH's 2021 denial of parole. This action appears to be duplicative of *Alkebu-Lan I*. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. Here, because this action and *Alkebu-Lan I* were commenced in different districts, the Court will

presume that one of these actions was filed in error.  As this is the action with the higher case number, the Court administratively CLOSES this action as filed in error.[1]

## CONCLUSION

For the reasons set forth above, the Court CLOSES this action as filed in error.  The Clerk of the Court shall CLOSE this action.

**IT IS SO ORDERED.**

Dated:  November 22, 2021



JON S. TIGAR
United States District Judge

---

[1] If Plaintiff believes the Court has erred in finding that this action was filed in error, he may file a motion to reopen this case.  Any motion to reopen must address whether this action is duplicative or repetitive.  The Court notes that it appears that Plaintiff may not be eligible for *in forma pauperis* status pursuant to 42 U.S.C. § 1915(g), *Alkebu-Lan v. Kane, et al.*, Case No. 06-5991 CW, "Order of Dismissal" (Aug. 25, 2009, ECF No. 17).  Should this case be reopened and allowed to proceed, Plaintiff would need to address whether his *in forma pauperis* status should be revoked.

3